## E. J. Holslag, trading as Holslag & Company, Appellee, v. Robert H. Morse, Appellant.

### Gen. No. 18,925.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed October 7, 1914. Rehearing denied October 19, 1914.

### Statement of the Case.

Action by E. J. Holslag, trading as Holslag & Company, against Robert H. Morse to recover a balance, claimed to be due under a contract for alterations and interior decorations of defendant's home. The declaration was in the usual form with the common counts only, accompanied by an affidavit showing that the claim was for a balance due of $1,475.72 on a final settlement made by plaintiff and defendant for work, labor, and material furnished under a contract, a copy of which was attached to the declaration. Defendant filed a plea of the general issue with notice of special matters of defense, payment, accord and satisfaction, release and breach of contract. The trial was had by the court without a jury. To reverse a judgment in favor of plaintiff for the full amount sued for, defendant appeals.

JOHN S. LORD, for appellant.

McARDLE & McARDLE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 3*—*when acceptance of less sum does not discharge debt.* After parties reach a final agreement as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to the amount due on a claim, the claim is no longer regarded as an unliquidated disputed one, and an acceptance of a less sum in satisfaction thereof by mistake or oversight, which was well known to the creditor, will not discharge the debt or claim in full.

2. Accord and satisfaction, § 3*—*when acceptance of less sum not satisfaction.* An acceptance by a creditor of a sum of money less than the amount due on a liquidated debt, even if done by agreement without consideration, is a discharge of only so much of the debt as is thereby paid; the rule is otherwise where property other than money, or money and property, are taken in full satisfaction, or where the payment is the amount agreed upon in an honest compromise of unliquidated or disputed demands.

3. Accord and satisfaction, § 3*—*right of creditor to recover balance of liquidated claim after his acceptance of less sum in satisfaction.* Where a creditor accepts a less sum than the amount due in full satisfaction of a liquidated demand, it is not essential to his right of action to recover the balance due that he rescind the contract of settlement or that he return the money received; he is only required to give the debtor credit for the amount paid.

4. Building and construction contracts, § 69*—*when provision requiring architect's certificate waived.* Where the owner asks the architect not to make his final certificate, and makes payments and settles without such certificate, the provisions of the contract requiring such certificate are waived.

5. Building and construction contracts, § 84*—*right of contractor to recover under common counts.* Where the owner and contractor had agreed on the amount due, the contractor may recover from the owner on the common counts, without producing the architect's final certificate, where such certificate was waived by the owner.

6. Building and construction contracts, § 54*—*when acceptance of work not waiver of latent defects.* Latent defects in work under a building contract, not open to inspection, are not waived by the owner's acceptance thereof in ignorance of their existence.

7. Building and construction contracts, § 57*—*power of architect to waive compliance with contract.* An architect has no authority to waive for the owner his right to insist on the character of the work and materials called for in the contract, unless such authority is given by the contract or by the consent of the owner.

8. Set-off and recoupment, § 17*—*when claim may be recouped.* A claim for unliquidated damages is not properly a matter of set-off, strictly speaking, but it may be recouped in an action growing out of the same contract or subject-matter, i. e., such claim may be allowed to lessen plaintiff's claim, or entirely defeat it, but not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

allowed so as to enable defendant to recover a judgment for any excess in his favor.

9. BUILDING AND CONSTRUCTION CONTRACTS, § 95*—*when refusal to permit examination of work is circumstance discrediting owner's claim of defective work.* In an action for a balance due for work and materials furnished in decorating defendant's house, where defendant claimed that the work and materials did not comply with the contract, and defendant upon the trial refused a request of plaintiff's counsel to permit plaintiff or an expert to examine the work with a view of obtaining evidence to rebut defendant's claim for damages, *held* that such refusal should be considered by the court or jury as a circumstance or act discrediting defendant's claim of defects in the work.